## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DARTALIAN GUY**                                              **CIVIL ACTION**

**VERSUS**

                                                           **NO. 19-246-JWD-RLB**

**KEVIN WRIGHT, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 9, 2019.

                                                **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARTALIAN GUY** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 19-246-JWD-RLB** |
| **KEVIN WRIGHT, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a "Motion to Dismiss Removal" filed by Defendants Kevin Wright and Alfa Mutual Insurance Company. (R. Doc. 2). The Motion was referred to the undersigned on May 1, 2019. The relief requested in the motion is that "this matter be remanded from this Court to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana." Plaintiff's counsel has informed the undersigned's staff that there is no opposition to the Motion.

In the Notice of Removal, Defendants assert that jurisdiction was appropriate because the amount in controversy exceeds $75,000. (R. Doc. 1 at 3, citing to Petition for Damages ¶9). Defendants further note that the Petition does not allege that the amount in controversy falls below $75,000 as required by the Louisiana Code of Civil Procedure and also that Plaintiff had refused to stipulate that his damages do not exceed $75,000. According to the Motion, Plaintiff has now executed such a stipulation and therefore the Defendants seek remand because the amount in controversy is not satisfied.

The Fifth Circuit has provided "a clear analytical framework for evaluating jurisdiction for cases filed in Louisiana state courts, with no monetary amount of damages asserted, when they are removed to federal court on the basis of diversity." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (*citing Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

"In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id*. "The defendant may make this showing in either of two ways: (1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount. *Id*. (internal quotation marks omitted).

In his Petition, Plaintiff alleges that as a result of an automobile accident, he sustained "much pain suffering, anguish, loss of sleep, cervical and lumbar injuries, exacerbation of pre-existing injuries, loss of quality of life and other damages to be shown at the trial of the instant matter. (R. Doc. 1-4 at 3). The Petition asserts general damages consistent with these alleged injuries as well as special damages including medical expenses, loss of future earning capacity, and punitive damages. (R. Doc. 1-4 at 4).

It is not facially apparent from the Petition that the amount in controversy requirement is satisfied. The Petition does not provide sufficient facts for determining the severity of Plaintiff's injuries other than the alleged broad categories of damages typical in personal injury suits. The Court is unable to reasonably estimate Plaintiff's potential recovery for any particular category of alleged damages based solely on these allegations. The Fifth Circuit has warned that allegations of damages with "little specificity" and unidentified medical expenses are insufficient to support a finding that the amount in controversy is facially apparent. *See Simon*, 193 F.3d at 850-51. The Petition does not state, as required by Louisiana Code of Civil Procedure article 893(A)(1), that the damages sought are less than the requisite amount to establish jurisdiction in federal court. The absence of such a statement, although not alone determinative, "may be considered in determining whether the amount in controversy is satisfied." *Johnson v. Macy's*

2

*Dep's Store*, No. 14-226, 2014 WL 5822788, at *4 (M.D. La. Nov. 10, 2014) (citing *Weber v. Stevenson,* No. 07-595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007).

Because the amount in controversy is not facially apparent, the Court may consider summary judgment-type evidence to determine whether the ambiguity regarding the jurisdictional amount at the time of removal has been clarified. Defendant represents that prior to removal Plaintiff refused to stipulate that his damages did not exceed the jurisdictional amount. (R. Doc. 1 at 3). This factor may be considered in determining whether the amount in controversy requirement is satisfied but it cannot alone establish jurisdiction. *See Lipford v. Boehringer Ingelheim Pharm., Inc.*, No. 13-2858, 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014); *Fernandez v. Allstate Ins. Co.*, No. 07-9299, 2008 WL 314405 (E.D. La. 2008). Shortly after removal, however, Defendants represent in the instant motion that "plaintiff has stipulated to damages less than $75,000.00." (R. Doc. 2).

The Court agrees with the parties that remand is appropriate. Plaintiff's stipulation, however, cannot *deprive* this court of subject matter jurisdiction that previously existed. A post-removal filing seeking to reduce the amount in controversy below the statutory minimum based on subsequent events does not destroy the court's subject matter jurisdiction. *See*, *e.g.*, *Asociacion Nacional de Pescadores (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) ("[A] plaintiff may not defeat removal by subsequently *changing* his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached."); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("[O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction.").

Because the amount in controversy is not facially apparent, however, the court may consider any additional facts provided to determine whether the amount in controversy is

3

otherwise satisfied. Plaintiff's post-removal stipulation may be used to clarify whether the amount in controversy requirement was satisfied at the time of removal. *See ANPAC*, 988 F.2d at 565; *see also McGlynn v. Huston*, 693 F. Supp. 2d 585, 596 (M.D. La. 2010) (considering post-removal affidavit regarding the amount in controversy where defendant "failed to carry his burden of proof upon removal and the amount in controversy remains ambiguous"); *Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F. Supp. 2d 594, 597 (E.D. La. 2008) ("When the amount in controversy is ambiguous, as it is here, the nonremoving party may submit [a post-removal] affidavit to clarify the amount of damages sought."). Based on the general allegations in the Petition and those facts referenced above, the court is satisfied that the jurisdictionally required amount is not present.

Based on the foregoing, the undersigned finds that this Court lacks subject matter jurisdiction and **RECOMMENDS** that the Motion (R. Doc. 2) be **GRANTED** and this action be **REMANDED** to the 19th Judicial District, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on May 9, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**